DETROIT FIRE FIGHTERS ASSOCIATION, LOCAL NO. 344, I. A. F. F., Earl J. Berry, Joseph L. Diefenbach, John Hemeyer and Leonard Balcer, on behalf of themselves and all others similarly situated, Plaintiffs-Appellees,

v. ,

Samuel DIXON, John King, William Foster, et al., and Napoleon Howard, III, et al., Intervening Defendants-Appellants.

DETROIT FIRE FIGHTERS ASSOCIATION, LOCAL NO. 344, I. A. F. F., Earl J. Berry, Joseph L. Diefenbach, John Hemeyer and Leonard Balcer, on behalf of themselves and all others similarly situated, Plaintiffs-Appellees,

v.

CITY OF DETROIT, Coleman A. Young, Melvin D. Jefferson, Philip Gorak, Denise J. Lewis, James R. Lewis, Norris B. Hood, Sr., Kathleen McCree, individually and in their official capacity, and Civil Service Commission of Detroit, Defendants-Appellants.

DETROIT FIRE FIGHTERS ASSOCIATION, LOCAL NO. 344, I. A. F. F., Earl J. Berry, Joseph L. Diefenbach, John Hemeyer and Leonard Balcer, on behalf of themselves and all others similarly situated, Plaintiffs-Appellees,

v.

Napoleon HOWARD, III and Ray F. Owens, Intervening Defendants-Appellants.

Nos. 76–1901 to 76–1903.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 14, 1977.

Decided March 24, 1978.

James R. Andary, Hall & Andary, Detroit, Mich., for intervening defendants-appellants in 76–1901.

Theodore Sachs, Marston, Sachs, Nunn, Kates & Kadushin & O'Hare, Detroit, Mich., for all plaintiffs-appellees.

Kermit G. Bailer, Nansi Irene Rowe, Anna J. Diggs, David H. Fink, Detroit, Mich., for defendants-appellants.

John R. Runyan, Jr., Beer, Boltz & Bennia, Bloomfield Hills, Mich., for intervening defendants-appellants in 76–1903.

Before PHILLIPS, Chief Judge, and CELEBREZZE and MERRITT, Circuit Judges.

PER CURIAM.

The defendants below include, among others, the City of Detroit, its Mayor, Fire Commissioner, Personnel Director, and Civil Service Commission, and the intervening defendants are black firemen employed by the City of Detroit. They appeal from an order of the District Court for the Eastern District of Michigan issuing a preliminary injunction restraining the original defendants from putting into effect "an official bulletin" of the Detroit Fire Commissioner announcing the promotion of 150 persons in the fire department, among whom were 36 black and Spanish American employees. Under past promotional practices of the fire department embodied in a collective bargaining agreement between the plaintiff, Fire Fighters Union, and the City, the 36 minority employees were not eligible for promotion because the system and the union contract allow promotion only on a strict seniority basis.

All parties agree, and the district court found, that defendants set aside the seniority system of promotion in order to promote the 36 minority employees. Plaintiff argued below that these employees were promoted purely on the basis of race in violation of the Fourteenth Amendment. Defendants admitted that race was the key factor in the decision to promote the minority employees, but they sought to justify the promotions as a part of an affirmative action program designed to remedy in part past practices of discrimination. Defendants made an offer to prove that in relation to the population of the City of Detroit the proportion of minority firemen is small and that the proportion in the upper ranks of the fire department is even smaller. Defendants further offered to prove that these disproportionate figures are the result of earlier intentional acts of discrimination plus a promotional system based on seniority alone which locks in the earlier discrimination pattern. Defendants argued below that such facts justify promotions based on race.

The District Court disagreed, holding that any system of promotion by a governmental body that considers race as a factor, no matter what the purpose, constitutes "reverse discrimination" in violation of the Fourteenth Amendment. Based upon the pleadings and the admissions, concessions and offers of proof of the parties in oral argument, the District Court, without hearing evidence, enjoined the defendants from promoting the 36 minority employees and further enjoined the defendants from using race as a factor in making any promotions in the future.

The defendants have appealed from this preliminary injunction issued by the District Court pending a final determination of the case on the merits.

The United States Equal Employment Opportunity Commission has filed a brief *amicus curiae* supporting defendants' position on appeal.

Subsequent events, however, have now rendered the case moot and make it unnecessary for us to decide the difficult constitutional issues presented.

No live justiciable controversy between the parties now exists. On November 18, 1975, and January 19, 1976, the Arbitrator officially designated under the collective bargaining agreement between the City and the Firefighters Union found that the promotion of the 36 minority employees violated the contract between the parties requiring that all promotions be based on seniority. The Arbitrator ordered that the city and its officers rescind their previous promotions of the 36 minority firemen. He also ordered that the city promote the next senior qualified employees to all vacancies. On February 26, 1976, the Circuit Court of Wayne County, Michigan, confirmed the Arbitrator's Award and issued a preliminary injunction against the same defendants named as original defendants in the instant case requiring them to comply with the Arbitrator's Award. *Detroit Firefighters Association, Local No. 344, et al. v. City of Detroit, et al.*, No. 76–604793–CL.

Moreover, in an action between the same parties initiated by the Firefighters Union, the Michigan Employment Relations Commission, Labor Relations Division, on September 7, 1976, found that the City of Detroit had committed an unlawful labor practice under Section 10 of the Michigan Public Employment Relations Act, M.S.A. § 17.-455(10) [M.C.L.A. § 423.210] "by unilaterally altering criteria for promotion." The Commission then ordered the City to take essentially the same action to set aside and rescind the promotions as ordered by the Circuit Court of Wayne County on February 26, 1976. On December 13, 1976, the Michigan Court of Appeals granted a summary order of enforcement of the decision of the Michigan Employment Relations Commission.

Thus, we have two final non-appealable orders from state courts in Michigan enjoining on independent state law grounds the same conduct enjoined by the Court below on constitutional grounds. The white firemen who were originally denied promotion have now been promoted by defendants. Neither defendants nor plaintiffs contest the validity of the state court judgments. In its brief filed on December 6, 1976, at pages 23–26, plaintiff argues that the relief sought by appellants is moot. At oral argument plaintiffs conceded that all of the issues in the case are moot. Similarly, at oral argument, the defendants conceded that the controversy concerning the promotion of the 36 minority firemen is no longer a live question.

Plaintiff, however, asks us to continue in effect that portion of the preliminary injunction which appears to restrain defendants from ever again considering race as a factor in connection with the promotion of firemen in the City of Detroit. We decline to leave that portion of the injunction in effect. The union contract containing the strict seniority provisions has now expired, and at oral argument the parties advised us that negotiations for a new contract are under way. What action the city and the union will take in the future in connection with the hiring and promotion of black employees is simply a matter of conjecture at this time. Courts do not rule on hypothetical cases.

Therefore, this case is hereby remanded to the District Court with instructions that it should dissolve and set aside in its entirety the preliminary injunction heretofore issued and dismiss the action with appropriate costs to be assessed against the original defendants.